

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. D. Bradfield
Chairman, Texas Liquor Control Board
Southern Methodist University
Dallas, Texas

Dear Sir:

Opinion No. O-1740
Re:  Texas Liquor Control Act --
the Board -- the Administra-
tor -- Validity of certain
delegated powers -- Board's
delegation of power to the
Administrator -- Amendments,
alterations or repeal of
such Board orders -- Effect
on prior orders of the Ad-
ministrator.

We have your letter of November 27, 1939, asking
for a legal opinion upon the following case statement, to-
wit:

"By provision of the Liquor Control Act
certain powers and duties are imposed upon
the Liquor Control Board, as, for instance:

"(a). To supervise, inspect, and regulate
every phase of the business of manufacturing,
importation, exportation, transportation, stor-
age, sale, distribution, possession for the pur-
pose of sale, and possession of all alcoholic
beverages, including the advertising and label-
ing thereof, in all respects necessary to accom-
plish the purposes of this Act. The Board is
hereby vested with power and authority to pre-
scribe all necessary rules and regulations to
that end; to require the filing of such reports
and other data by all persons engaged in any
phase of the alcoholic beverage business, which

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

it may deem necessary to accomplish the purposes of this Act; to supervise and regulate all licenses and permittees and their places of business in all matters affecting the general public, whether herein specifically mentioned or not, and to authorize its agents, servants, and employees under its direction to carry out the provisions hereof.

"(b). To grant, refuse, suspend, or cancel permits or licenses for the purchase, transportation, importation, sale or manufacture of alcoholic beverages or other permits in regard thereto.

"(c). To investigate and aid in the prosecution of violations of this Act and other Acts relating to alcoholic beverages, to make seizures of alcoholic beverages manufactured, sold, kept, imported, or transported in contravention hereof, and apply for the confiscation thereof whenever required by this Act, and co-operate in the prosecution of offenders before any Court of competent jurisdiction.

"(d). To exercise all other powers, duties, and functions conferred by this Act, and all powers incidental, convenient, or necessary to enable it to administer or carry out any of the provisions of this Act and to publish all necessary rules and regulations.

"(e). In the event the United States Government shall provide any plan or method whereby the taxes on liquor shall be collected at the source the Board shall have the right to enter into any and all contracts and comply with the regulations, even to the extent of partially or wholly abrogating any provisions hereof which may be in conflict with Federal law or regulations to the end that the Board shall receive the portion thereof allocated to the State of Texas, and to distribute the same as in this Act is provided.

"(f). To require by rule and regulation that any liquor sold in this State shall conform in all respects to the advertised quality of such products;

to promulgate rules and regulations governing labelling and advertising of all liquors in strict accordance with the labelling and advertising regulations of the Federal Alcohol Administration; to adopt and enforce a standard of quality, purity, and identity of all alcoholic beverages, and to promulgate all such rules and regulations as shall be deemed necessary to fully safeguard the public health and to insure sanitary conditions in the manufacturing, refining, blending, mixing, purifying, bottling, and rebottling of any alcoholic beverage and the sale thereof.

(g). To license, regulate, and control the use of alcohol and liquor for scientific, pharmaceutical, and industrial purposes, and to provide for the withdrawal thereof from warehouses and denaturing plants by regulation, and to prescribe the manner in which the same may be used for scientific research or in hospitals and in sanatoria, in industrial plants, and for other manufacturing purposes, tax-free." (P. C., Art. 666, Sec. 6, Texas Liquor Control Act, Art. 1, Sec. 6).

You point out -- citing several instances -- "that perhaps the most important duties imposed upon the Board are concurrently imposed upon both the Board and the Administrator."

You further state:

"The Liquor Control Board * * * at its meeting on September 1, 1937, adopted what is known as Rule and Regulation No. 3-A, which reads as follows:

"'In addition to the specific powers and duties delegated to the Administrator by the Texas Liquor Control Act or by any rules and regulations of the Board, the Administrator of the Board is hereby and is herewith given exclusive jurisdiction in the following matters:

"'1. Appointing and employing clerks, stenographers, inspectors, chemists, and em-

ployees, and fixing their duties and salaries.

"'2. Commissioning inspectors, representatives, and employees. (Sec. 7(b), Art. I.)

"'3. Granting and refusing permits and licenses, and all other matters in connection with bearing thereon. (Sec. 11, Art. I, and Sec. 6 and 7 (a), Art. II.)

"'4. Cancellation and suspension of permits and licenses, and all matters in connection with hearings thereon. (Sec. 12, Art. I, and Sec. 19, Art. II.)

"'5. To designate members of the Board or representatives thereof to hold hearings as provided by law. (Sec. 12 (a) (3), Art. I.)

"'6. Certifying to the authenticity of all records, notices, orders, publications, rules and all other documents, records, and reports in possession of the Board. (Sec. 12 (a) (5), Art. I.)

"'7. Investigation of, and all matters in connection with alleged violations of law by out of state wholesalers, brewers, distillers, wineries, manufacturers and agents, servants and employees of the same. (Sec. 27 (b), Art. I.)

"'8. Making recommendations as to pleas of guilty. (Sec. 26, Art. II.)

"Effective this the 1st day of September, A. D. 1937. (See Sec. 12(a) (6), Art. I.)
                    TEXAS LIQUOR CONTROL BOARD."

Upon this case you present the following questions, which, for convenience sake, we have numbered, to-wit:

1. Whether or not the provisions of the State Liquor Control Act above referred to are constitutionally valid.

2. Whether or not the rules and regulations of the Board above mentioned are valid and binding.

3. Finding that the provisions of the Act and the

rules or regulations are valid, what are the respective powers and duties of the Board and the Administrator under the proper construction of such statutes and resolutions?

4. Whether or not it is within the lawful power of the Board to amend, alter or repeal its rules and regulations theretofore adopted so as to lessen the powers of the Administrator and increase the powers of the Board.

5. Finding that the Board has the power so as to amend, alter or repeal its rules, then what effect would such amendment, alteration or repeal of its rules and regulations have upon the prior acts of the Administrator under such resolutions or rules extending exclusive power?

We beg to advise:

1. At the threshold of your first question lies the consideration of the constitutional power of the Legislature to delegate its legislative function to an administrative body. By constitutional mandate no one of the departments of the government may encroach upon the powers rightfully belonging to another department. That is to say, the Legislature may not perform the purely judicial function, nor may it perform purely executive functions. Likewise, the courts have no power to perform purely legislative functions, nor may they perform purely executive functions. For precisely the same reasons the executive officers may not perform any function that is either purely legislative or purely judicial. I have used in this connection the word "purely" in defining the exclusive powers of the department, and have done so advisedly. It is a matter of practical impossibility for either of the departments to function without in some measure performing some acts that partake, in a measure, of the functions and powers of another department of the government. In this busy day of complex affairs it is practically impossible for an administrative or executive officer to perform his necessary duties without at the same time, in some measure, performing some incidental functions that under other circumstances would belong to the judicial or legislative department of the government. Such incidental powers are frequently referred to as being "quasi judicial," or "quasi legislative." The exercise of such quasi powers do not render the act of the executive or administrative officer void, and are not forbidden by the constitutional prohibition above refer-

red to. It is only where the executive or administrative officer performs a function or power that is purely that belonging to another department of the government, that it is forbidden.

From this it follows that the Legislature has the power to delegate to an administrative officer any power or the authority to perform any function that is not purely legislative or purely judicial in its nature.

The general rule upon this subject of delegated power is that where the Legislature sufficiently defines its purpose and outlines its intentions, so as to evidence the legislative policy or declaration of the law, even though in general terms, it may thereupon delegate to an administrative officer or board the necessary and proper power to do those things that are calculated to carry out the legislative policy or plan. In other words, it may authorize another to supply the details to make workable the legislative act. This important governmental question has received unusual notice and consideration within the last few years. We cite the case of Panama Refining Co. et al, v. Ryan et al (U. S.) 79 Law Ed. 446, and the very full annotations to the subject, found in 98 A. L. R. 1464, and 95 A. L. R. 1394.

Applying the principles we have referred to, it is the opinion of this department that the authority conferred by the Legislature upon the Board in the section and subsection hereinabove set out, is a valid exercise of the legislative power and vests in the Board the authority to do the things therein mentioned.

Question No. 1, therefore, should be answered "yes".

2. Section 12(a) subdivision (6) of Art. 1 of the Act (P.C1 Art. 666) declares:

"It shall be the duty of the Board by its printed rules and regulations entered upon its minutes to immediately specify the duties and powers of the Administrator. In all instances whereby provisions of this Act, concurrent powers and duties are imposed upon the Board and Administrator, the Board shall designate such powers and duties which it delegates to the Administrator. All orders, decisions, and judg-

ments entered and rendered by the Administrator in matters upon which he has been empowered to act shall not be subject to change, review, or revision by the Board. All other concurrent powers and duties which are not specifically delegated to the Administrator by the Board's order shall be considered as retained by the Board itself and all orders, decisions, and judgments rendered and entered by the Board shall not be subject to change, review, or revision by the Administrator."

There is thus given express authority to the Board to authorize its Administrator to perform any and all those functions that have been given concurrently to the Board and the Administrator by the terms of the Act. The delegated authority to the Board itself is no more binding than is the sub-delegation of the same authority by the Board to the Administrator. Your question No. 2, therefore, should be answered "Yes."

3. The statutes above quoted and the rules or resolutions above set forth are, we think, sufficiently informative within themselves to answer your inquiry No. 3.

4. The authority conferred upon the Board to delegate certain powers or authority to the Administrator is no more than the ordinary authority conferred upon corporations and the like institutions, to employ officers to perform their will. The Administrator is, therefore, the chief officer of the Board to whom may be delegated the specified powers and authority to represent the Board.

There is nothing in the statute to indicate the intention that this power of the Board is one for a moment to be exhausted in its initial exercise. On the contrary, there is every reason to believe the legislative intention was that such power is an abiding power to be exercised according to the sound official discretion of the Board. To hold that this power or authority of the Board expires with its first exercise would be to give a strict construction to the statutes; whereas, the statutory rule is that all statutes are to be given a liberal construction with the view of accomplishing the designed purposes thereof. Question No. 4, therefore, should be answered in the affirmative.

5. It is expressly provided in subsection (6), above quoted, that:

"All orders, decisions and judgments entered and rendered by the Administrator in matters upon which he has been empowered to act, shall not be subject to change, review, or revision by the Board."

Complementary, it is provided further:

"All other concurrent powers and duties which are not specifically delegated to the Administrator by the Board's order shall be considered as retained by the Board itself, and all orders, decisions and judgments rendered and entered by the Board shall not be subject to change, review or revision by the Administrator."

It will be seen that the review by appeal from any order or decision must be from the decisions of the Administrator, or from the Board according as the Administrator or the Board has the power or jurisdiction to make the order or decision in question. Neither the Administrator nor the Board can amend, modify or in any wise set aside an order or decision of the other in any event. Moreover, it is doubtful if the Administrator can himself amend, alter, or in any wise set aside or vacate, an order or decision made by him where rights of other persons have become fixed thereunder, for no provision is made for a rehearing with respect to such matters; the remedy being by a direct appeal, as provided by the statutes. (Art. I, Sec. 14, P.C. Art. 666 Sec. 14). The same thing may be said with respect to the Board's power, or rather, lack of power, with respect to amending, modifying, vacating or in any wise impairing its own orders or decisions where rights of others have become vested or fixed thereunder. This is the doctrine of the Supreme Court announced in the case of Laidlow Bros. vs. Marrs, State Superintendent of Public Instruction, 273 S. W. 789. This answers your question No. 5.

The foregoing represents the considered opinion

Honorable W. D. Bradfield - page 9


of this department.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By (Signed)

Ocie Speer
Assistant

OS-MR

APPROVED DEC 8, 1939

(Signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By BWB Chairman